NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAR 22 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

LIN CUNYI,

                Petitioner,

   v.

MERRICK B. GARLAND, Attorney
General,

                Respondent.

No.   16-73204

Agency No. A208-419-218

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 16, 2022**

Before:    SILVERMAN, MILLER, and BUMATAY, Circuit Judges.

Lin Cunyi [1], a native and citizen of China, petitions for review of the Board

of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration

---

    \*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    \*\*     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

    [1]     Although petitioner's name appears as "Lin Cunyi" in the agency
decisions and Answering Brief, it appears as "Cun Yi Lin" in the Petition for
Review and Opening Brief, and as "Cunyi Lin" in the Notice to Appear, credible
fear documentation, and Form I-589.

judge's ("IJ") decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations under the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We grant the petition for review and we remand.

The BIA found no clear error in the IJ's adverse credibility determination based on two findings that Cunyi's testimony was inconsistent with his credible fear interview. Substantial evidence does not support these findings, where the agency failed to provide any reason for rejecting Cunyi's explanations for the perceived inconsistencies. *See Munyuh v. Garland*, 11 F.4th 750, 758 (9th Cir. 2021) ("[T]he agency has a duty to consider a petitioner's explanation for a perceived inconsistency . . . . If that explanation is reasonable and plausible, then the agency must provide a specific and cogent reason for rejecting it." (internal quotation marks and citations omitted)).

In addition, the BIA did not address Cunyi's contentions as to the reliability of the credible fear interview notes. *See Sagaydak v. Gonzales*, 405 F.3d 1035, 1040 (9th Cir. 2005) ("[T]he BIA [is] not free to ignore arguments raised by a petitioner.").

16-73204

As to CAT, following the negative credibility determination as to Cunyi's testimony, the agency erred by failing to analyze whether the remaining non-testimonial record evidence established Cunyi's eligibility for relief. *See Shrestha*, 590 F.3d at 1048 ("An adverse credibility determination is not necessarily a death knell to CAT protection.").

Thus, we grant the petition for review and we remand Cunyi's asylum, withholding of removal, and CAT claims on an open record to the BIA for further proceedings consistent with this disposition. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam); *see also Soto-Olarte v. Holder*, 555 F.3d 1089, 1095-96 (9th Cir. 2009).

Cunyi's removal is stayed pending a decision by the BIA.

The parties must bear their own costs on appeal.

**PETITION FOR REVIEW GRANTED; REMANDED.**